IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFFORD S. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv513-WKW |
| | ) | |
| KELLY AEROSPACE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE

This action is presently before the court on the motion of the plaintiff, who appears *pro se*, for "Reprimand, Sanctions Legal and Equitable Relief, and Motion to Order Mediation on the Defense." (Doc. # 48). Plaintiff suggests that defense counsel should be sanctioned pursuant to Fed. R. Civ. P. 11 light of the Notice Regarding Settlement Discussions filed by defense counsel on February 26, 2010. (Doc. # 47). Plaintiff seeks an order directing mediation, sanctioning defense counsel, and granting plaintiff relief in the form of back pay and reinstatement to his job. (Doc. # 48). In a separate motion (Doc. # 49), plaintiff requests oral argument.

By order entered on August 12, 2009, the court directed the parties to conduct a face-to-face scheduling conference and, within five days after the conference, to file a notice indicating whether the parties believe mediation will assist them in resolving this case short of trial. (Doc. # 22). According to defense counsel, no face-to-face conference took place. He states:

Martin contacted the undersigned with a settlement demand on November 30,

> 2009, and the undersigned conveyed the demand to Kelly Aerospace. At that time, the undersigned advised Martin regarding his belief that a face-to-face meeting would serve no useful purpose and add unnecessary expense, given that the undersigned is located in Mobile and Martin lives in Camden. Martin did not voice any serious objection at the time and agreed to attempt settlement discussions by telephone.

(Doc. #50). Defense counsel further states that plaintiff contacted him by telephone six times over the next two months with settlement demands in excess of the settlement authority granted to defense counsel by his client. Defendant did not believe plaintiff's offers to be reasonable and declined to make any counter-offer. After the last such telephone conference, defense counsel filed a notice styled "Notice Regarding Settlement Discussions"[1] in which he stated his belief that mediation would not assist the parties in resolving this matter. (Doc. # 47).

Plaintiff represents that defense counsel did not discuss with him whether mediation would assist to resolve the matter short of trial, as required by the court's scheduling order. (Doc. # 48). Plaintiff has also filed, as an attachment to his motion, a copy of a letter dated February 23, 2010, three days before defense counsel filed his notice, in which plaintiff informed defense counsel of plaintiff's position on mediation for inclusion in the notice – *i.e.*, that "the plaintiff consent and believe that mediation will assist them in resolving this case short of trial[.]" (Doc. # 48-2).[2]

---

[1] The court contemplated that the parties would comply with its directive regarding a face-to-face conference, and its scheduling order further required defendant to file a pleading titled "Notice Concerning Settlement Conference and Mediation." (Doc. # 22, ¶ 4).

[2] There is nothing in the record to indicate whether defense counsel received this correspondence before he filed his notice regarding settlement discussions.

Defense counsel argues that the motion for Rule 11 sanctions is due to be denied because the statements in defendant's notice "are true and were presented for the proper purpose of advising the Court regarding Kelly Aerospace's position regarding settlement[,]" and because plaintiff failed to comply with the 21-day advance notice required by Fed. R. Civ. P. 11(c)(2). (Doc. # 50, ¶ 4). The court agrees, on both grounds, that Rule 11 sanctions are not appropriate. See Fed. R. Civ. P. 11(b), (c)(2). Further, defendant's motion pursuant to Rule 11(c)(2) for an award of the fees incurred in responding to the motion (Doc. # 50, ¶ 6) is due to be denied. While it is true that the *pro se* plaintiff filed the Rule 11 motion without the requisite 21-day notice, it further appears that the motion was prompted – at least in part – by the conduct of defendant's attorney in failing to comply with the court's scheduling order. Accordingly, an award of fees is not warranted.

Even though Rule 11 sanctions are not warranted, the motion for sanctions and defendant's response to the motion reveal that the parties have not engaged in the face-to-face settlement conference required by order of this court. The parties did not seek leave of court to deviate from the express terms of the order and, accordingly, they are not excused from compliance.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's motion for sanctions and other relief (Doc. # 48) be DENIED and that defendant's request for an award of attorneys' fees (included within Doc. # 50) be DENIED.

Additionally, it is

ORDERED that plaintiff's motion for oral argument (Doc. # 49) and his motion for an order requiring mediation (included within Doc. # 48) are DENIED.[3]

It is further ORDERED that the parties are DIRECTED to conduct a face-to-face settlement conference, on or before **April 9, 2010**, at which they shall engage in good faith settlement negotiations as previously ordered. If settlement cannot be reached, defense counsel and plaintiff shall also discuss whether mediation will assist the parties in reaching settlement. No more than five days after this conference, the defendant shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 30, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[3] Mediation is a voluntary process; court ordinarily will not order a party to participate.

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE