IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD S. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:09CV513-WKW |
| | ) |
| KELLY AEROSPACE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This Title VII employment discrimination action was dismissed on June 16, 2010, pursuant to the joint notice of settlement filed by the parties and Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. # 58; see also Doc. # 59 (observing that the action had been dismissed by operation of Rule 41 and directing Clerk to close the case)). Two days after the parties dismissed this action, plaintiff filed a document styled "Correspondence to the Court" in which he admitted that he entered into a settlement agreement with defendant, although he described the settlement as "tentative." At the conclusion of the document – under the heading "Entitlement to Relief" – plaintiff stated that the court, in its "final judgment must grant such relief as claimant establishes he is entitled to receive." Plaintiff added, "Your Honor, we accept the defense Settlement Agreement to settle short of Trial. Withstanding." (Doc. # 60).

The court declined to exercise its discretion to construe plaintiff's "correspondence to the court" and his subsequent "demand" (Doc. # 62) as motions for relief from the parties'

voluntary dismissal of this action because: (1) although plaintiff's "correspondence" is ambiguous in many respects, it was clear that plaintiff intended to retain the benefit of the settlement agreement – *i.e.*, he did not argue that he had not, in fact, entered into the agreement and the joint stipulation; and (2) in another post-dismissal document he filed twelve days later – styled "FINAL STATEMENT (closing)" – plaintiff acknowledged that "[t]his litigation is finished." (Doc. # 63). While he referenced "ministerial" court action and "relief beyond judgment," plaintiff concluded this document with statements addressed to defense counsel including, notably, the acknowledgment that "I have settled and closed." (Id.). Accordingly, it appeared to the court that plaintiff – while he may have desired additional compensation from defendant beyond that provided by the settlement agreement – recognized that the case was over.[1]

Now, more than a year after this case was dismissed pursuant to the parties' joint notice, plaintiff has filed a "Motion for Leave of Court." (Doc. # 64). He moves the court to "grant this, the 'Final' pleading, the very last." (Id.).[2] He states that he "is of the opinion

---

[1] Plaintiff does not seek relief from a final judgment or order. The case was dismissed upon the parties' filing of the joint notice of settlement – signed by both parties – and by operation of Rule 41(a)(1)(A)(ii), without an order of the court. Even assuming that Rule 60 applies to the dismissal pursuant to the parties' joint notice, plaintiff alleges no mistake in the notice of a kind (clerical or inadvertent omission or oversight) which might justify relief under Rule 60(a), and he states no basis for relief from that notice under Rule 60(b). Additionally, "Rule 60(b) is available . . . only to set aside [a] prior order or judgment. It cannot be used to impose additional affirmative relief." U.S. v. $119,980, 680 F.2d 106, 107-08 (11th Cir. 1982); see also Burke v. Smith, 252 F.3d 1260 (11th Cir. 2001).

[2] The court understood that the "Final Statement (closing)" filed on June 30, 2010, was to be plaintiff's final pleading in this matter.

that the defense may institute some frugal attempt to stymie, or thwart the plaintiff['s] right to relief beyond judgment" and "move[s] for leave of court in want of **WRIT OF MANDAMUS**." (Id.)(emphasis in original). He contends that a "Writ of Mandamus will guard against failure of an individual to relief beyond judgment[,]" and "will seal this litigation the way it was meant to be." (Id.) Plaintiff attaches to his motion a copy of the demand for "relief beyond judgment" that he filed in June 2010, in which he contends that he "is entitled to relief **beyond** Settlement judgment." (Doc. # 64-1)(emphasis in original).

What plaintiff seeks – insofar as the court is able to determine – is a judgment or order modifying the parties' settlement agreement to indicate that plaintiff has a right to additional relief of some nature. However, the court lacks subject matter jurisdiction to entertain plaintiff's motion. See In re T2 Medical, Inc., 130 F.3d 990, 994-95 (11th Cir. 1997)(district court lacked jurisdiction to entertain a party's motion seeking a modification of a settlement agreement, where the court had not retained jurisdiction over such a dispute arising from the agreement)(relying on Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994)).[3]

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

---

[3] The court had federal question jurisdiction over plaintiff's Title VII claims but did not retain jurisdiction over the action upon settlement by the parties. Plaintiff's motion alleges no independent basis for the exercise of federal jurisdiction over his motion. According to plaintiff's complaint, he resides in Camden, Alabama, and defendant's principal office is located in Montgomery, Alabama. (Complaint, ¶¶ 1-2). Thus, it appears that diversity jurisdiction is not a possibility, even assuming that the unspecified additional relief plaintiff seeks (over and above the $7,500 settlement amount) would bring the amount at issue to a level sufficient to sustain diversity jurisdiction.

that plaintiff's motion for leave of court (Doc. # 64) be DENIED for lack of jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before August 18, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 4th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE